Rob A. Justman  (Utah State Bar No. 010173)
MEAGHER & GEER, PLLP
16767 N. Perimeter Drive, Suite 210
Scottsdale, Arizona  85260
Telephone: (480) 607-9719
Facsimile:  (480) 607-9780
rjustman@meagher.com
*Attorneys for United Specialty Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| United Specialty Insurance Company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Quantum Ultra Lounge Inc.;<br>Alejandra Juarez; Jorge Bizzaro,<br><br>　　　　Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><br>Case No.<br><br>Judge |

　　　　The Plaintiff, United Specialty Insurance Company ("United Specialty"), for its Complaint for Declaratory Judgment against the Defendants, states and alleges as follows:

## PARTIES AND OVERVIEW OF THE ACTION

　　　　1.　　United Specialty is a Delaware corporation, with its principal place of business in Texas.

　　　　2.　　United Specialty brings this action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, to secure declaratory relief from claimed obligations under the insurance policy described below.  This is a declaratory action over insurance coverage.

3. Quantum Ultra Lounge, Inc. ("Quantum") is a Utah corporation with its principal place of business in Salt Lake City, Utah.

4. Alejandra Juarez ("Juarez") is an individual who is a resident of Salt Lake County, State of Utah.

5. Jorge Bizzaro ("Bizzaro") is an individual who is a resident of Salt Lake County, State of Utah.

6. Juarez sued Quantum and Bizzaro for bodily injury she sustained when she was punched in the face by a drunk patron of their nightclub. The nightclub is known as "The Moose Lounge," located at 180 West 400 South, Salt Lake City. The drunk patron was allegedly overserved liquor at this nightclub operated by Bizzaro. This lawsuit is pending before Judge James Gardner in Third District Court, Salt Lake County, State of Utah, captioned as *Alejandra Juarez v. Quantum Ultra Lounge, Inc., et al.*, Case No. 190908784 ("the Suit").

7. Juarez is the tort claimant in the Suit, and she has an interest in the outcome of this declaratory action over insurance coverage for the Suit. Juarez is named as a defendant to this declaratory judgment action because she is an interested party.

8. Quantum and Bizzaro are defendants to this declaratory action because they have tendered their defense and indemnity against the Suit to United Specialty. United Specialty issued to Quantum a commercial general liability policy, number USA4178339 ("the CGL Policy").

9. United Specialty has been providing for the defense of Quantum and Bizzaro against the Suit under the CGL Policy and subject to a full and complete reservation of rights.

10. The Suit is not covered by the CGL Policy because of its assault and battery exclusion and liquor liability exclusion. The bodily injury arose out of an assault or

battery and is therefore excluded from coverage of the CGL Policy. The bodily injury for which Quantum and Bizzaro may be held liable is by reason of causing or contributing to the intoxication of the drunk patron, and so the liquor liability exclusion bars coverage for the Suit.

11. United Specialty is entitled to a declaratory judgment that it does not have a duty to defend or indemnify Quantum or Bizzaro against the Suit, and the CGL Policy does not provide coverage for the Suit.

## JURISDICTION OVER ACTION

12. Quantum and Bizzaro seek insurance coverage, including defense coverage and indemnity coverage, for the Suit under the CGL Policy. As the tort claimant, Juarez has an interest in whether there is coverage for the Suit. There is a justiciable controversy between United Specialty and the Defendants (Quantum, Bizzaro, and Juarez) over whether the CGL Policy provides coverage for the Suit, and whether United Specialty has a duty to defend and indemnify Quantum and Bizzaro for the Suit.

13. The Plaintiff is a citizen of Delaware and Texas, while the Defendants are citizens of Utah. The Plaintiff, on the one hand, and the Defendants, on the other, are citizens of different states.

14. The amount in controversy – the costs of defending and indemnifying Quantum and Bizzaro against the Suit – exceeds $75,000 (exclusive of interest and costs). In her Complaint, Juarez states past medical expenses alone in excess of $130,000. And the Complaint was submitted as a Tier 3 Complaint, meaning that its value exceeded $300,000 under Utah Rule of Civil Procedure 26(c)(5).

15. The Court has original jurisdiction, founded on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

16. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial

part of the events giving rise to this action occurred in the District of Utah.

## GENERAL ALLEGATIONS

17. On the night of Sunday, December 17, 2017, Defendant Alejandra Juarez ("Juarez") and her two friends, Danida Ramirez and Vanessa Melendres, arrived at the nightclub known as "The Moose Lounge." This nightclub was owned by Quantum Ultra Lounge Inc. ("Quantum"), operated by Jorge Bizzaro ("Bizzaro"), and located at 180 West 400 South, Salt Lake City ("the Nightclub"). The women were admitted into the Nightclub, directed to a VIP table, and served alcoholic drinks.

18. Rocky Manatau ("Manatau") was also at the Nightclub. He joined the VIP table where the women were sitting. Alcoholic drinks were available to everyone at the table.

19. Manatau allegedly appeared visibly intoxicated, dropping things and becoming aggressive to other bar patrons.

20. The women allegedly complained to Bizzaro that Manatau was way too drunk. The women and Manatau remained in the Nightclub for over an hour after this alleged complaint to Bizzaro.

21. In his alleged state of intoxication, Manatau spilled a drink on Danida Ramirez and repeatedly grabbed her butt without her consent.

22. The women decided to leave the Nightclub. Manatau followed them out as they walked through the parking lot. Words were exchanged, and then Manatau punched Defendant Juarez in the face, knocking her unconscious and knocking out teeth.

23. Police were called to respond to the assault and battery, but before the police officers could arrive, Manatau fled the scene. When they arrived, the police officers took witness statements and prepared a police report. A true and correct copy of the Police Report is attached as Exhibit 1.

24. Emergency medical personnel arrived to treat Juarez, who was reported to have a broken jaw. Juarez was transported by ambulance to the emergency department at the University of Utah Hospital. She was admitted with broken facial bones.

**Criminal Charges**

25. Manatau was later brought up on criminal charges of assault and battery. The Salt Lake County District Attorney filed a criminal Information against Manatau for three counts of assault and battery:

Count 1, Aggravated Assault;

Count 2, Sexual Battery;

Count 3, Assault.

26. A true and correct copy of the criminal Information, filed in Third District Court, Salt Lake County, State of Utah, Case No. 201907428, is attached as Exhibit 2.

**Civil Complaint**

27. On November 7, 2019, Juarez brought a civil action against Quantum, Bizzaro, and others for the bodily injury she sustained in the assault and battery.

28. A true and correct copy of the Complaint filed by Juarez in the Suit ("the Complaint") is attached as Exhibit 3.

29. The Complaint alleged that Quantum, as a bar and drinking establishment, and Bizarro, as the owner or operator of such establishment, over-served alcohol to Manatau to the point of visible and apparent intoxication. The Complaint also alleged Bizarro failed to remove Manatau from the premises when he became aggressive and failed to prevent him from punching Juarez in the face.

30. The Complaint continued, "[Manatau] followed the three women out to the car, and then struck [Juarez] in the face, causing severe facial and dental injuries. As a direct and proximate result, [Juarez] was hospitalized at the University of Utah, and had

reconstructive surgeries. [Juarez] incurred past medical expenses exceeding $130,000." (Exhibit 3, at ¶¶ 30-31)

31.  The Complaint alleged three causes of action against Quantum and Bizzaro. The first cause of action was for liability pursuant to U.C.A. § 32B-15-201 (the Alcoholic Product Liability Act), specifically: "On the night of the subject incident, Defendants, and each of them, directly sold, gave, or otherwise provided alcoholic products to Rocky Manatau at their drinking establishment, prior to the subject incident. [] As a direct and proximate result of Defendants' provision of alcoholic products to Rocky Manatau he became visibly and apparently intoxicated…. Despite his visibly and apparently intoxicated condition, Defendants, and each of them, continued to provide intoxicating alcoholic products to Rocky Manatau…. As a direct and proximate result of serving intoxicating alcoholic products to Rocky Manatau, Plaintiff was severely injured, suffering economic and noneconomic damages." (Exhibit 3, at ¶¶ 35-36, 38, 44)

32.  The second and third causes of action were for negligence and negligent hiring and retention, respectively.  These causes of action generally allege Quantum and Bizzaro were negligent in intoxicating Manatau; failing to remove Manatau from the Nightclub; failing to provide adequate security and crowd control; failing to adequately observe and appreciate the environment of their establishment; and by negligently hiring and retaining the employees of the Nightclub.

### Litigation in Suit

33.  Quantum answered the Complaint in January 2020, and litigation in the Suit was underway.  By June 2020, the second and third counts of the Complaint were dismissed by the Court, leaving only the first count for liability under the Alcoholic Product Liability Act.

34. Utah District Judge James Gardner's Order in the Suit reads, "The Court, based on the stipulation of the parties and for good cause showing, does hereby dismiss with prejudice Plaintiff [Juarez's] second cause of action, third cause of action, and punitive damages request against Defendants."

35. A true and correct copy of Judge Gardner's Order is attached as Exhibit 4.

36. The only remaining cause of action in the Complaint and Suit against Quantum and Bizzaro is for liability pursuant to U.C.A. § 32B-15-201 (the Alcoholic Product Liability Act).

37. Fact discovery is ongoing in the Suit, with the deadline for the completion of fact discovery set as August 9, 2021. Following which expert discovery will proceed in the Suit. *See* Exhibit 5 (Court Order dated July 1, 2021).

**Defense Under Reservation of Rights**

38. United Specialty has been providing for Quantum's and Bizzaro's defense against the Suit under full reservation of rights.

39. A true and correct copy of the Reservation of Rights Letter is attached as Exhibit 6.

40. Quantum and Bizzaro tendered their defense and indemnity against the Suit to United Specialty by correspondence dated November 26, 2019.

41. United Specialty issued its Reservation of Rights Letter to Quantum and Bizzaro on December 13, 2019.

42. In the Reservation of Rights Letter, United Specialty expressly reserved the right to withdraw from the defense, deny defense coverage and indemnity coverage, bring a declaratory judgment action, and disclaim coverage for the Suit.

43. United Specialty brings this declaratory action to establish that it does not have a continuing duty to defend or indemnify Quantum and Bizzaro against the Suit.

**The CGL Policy**

44. United Specialty issued the commercial general liability policy to Quantum Ultra Lounge, Inc., under policy number USA4178339 for the policy period of June 2, 2017 to June 2, 2018 ("the CGL Policy"). The limits of liability for the CGL Policy are $1,000,000 each occurrence, $2,000,000 general aggregate.

45. A true and correct copy of the certified CGL Policy is attached as Exhibit 7.

46. The CGL Policy begins with the insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  \*\*\*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  **\*\*\***

47. The CGL Policy continues with exclusions, including the following (among others):

**2.    Exclusions**

This insurance does not apply to: \*\*\*

**c.    Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1)**, **(2)** or **(3)** above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing

alcoholic beverages.  \*\*\*

48. The CGL Policy defines relevant terms as follows:

**SECTION V – DEFINITIONS**

3. "Bodily Injury" means bodily injury, sickness disease sustained by a person, including death resulting from any of these at any time.  \*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  \*\*\*

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  \*\*\*

49. The coverage afforded by the CGL Policy is defined by all the terms, provisions, definitions, exclusions, conditions, limitations, and endorsements to the CGL Policy, which include but are not limited to the Exclusion for Assault and Battery, found on form CGL 1704 0116:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**EXCLUSION – ASSAULT AND BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

    **(a)** any actual, threatened or alleged assault or battery regardless of whether or not any action was undertaken or was alleged to have been undertaken in self-defense;

    **(b)** the failure of any insured or anyone else for whom any insured is or could

10

> be held legally liable to prevent or suppress any assault or battery;
>
> **(c)** the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;
>
> **(d)** the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
>
> **(e)** the negligent:
>
>> **(i)** employment;
>>
>> **(ii)** investigation;
>>
>> **(iii)** supervision;
>>
>> **(iv)** training; or
>>
>> **(v)** retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1**. **(a)**, **(b)**, **(c)** or **(d)** above; or
>
> **(f)** any other act or omission, either leading up to, during or following any alleged assault or battery, on the part of the insured or anyone else for whom the insured may be legally responsible, in any way relating to, concurrently or in succession with, **1.(a),(b),(c),(d)** or **(e)**, above.

**2.** We shall have no duty to defend or indemnify any claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

> **(a)** any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.
>
> **(b)** any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial

        precipitating event or a substantial cause of injury.

    **(c)**    any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

    **(d)**    any actual or alleged injury arises out of any act or omission in connection with the prevention or suppression of assault or battery or any physical altercation.

**3.**    For the purposes of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault and any other type of physical altercation.

All other terms and conditions of this policy remain unchanged.  \*\*\*

    50.    The CGL Policy also includes a Special Exclusion and Limitations Endorsement, on form CGL 1701 0316:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART  \*\*\*

**C.**    **It is agreed that the following exclusions from Section I Coverages are changed as shown below**:

**1.**    **Liquor Liability**

Exclusion **c.**, Liquor Liability of Section I Coverages, Coverage **A 2**. Exclusions, is deleted and entirely replaced with the following:

    **c.**    **Liquor Liability**

        **1.**    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

12

       **a.**    Causing or contributing to the intoxication of any person; or

       **b.**    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

       **c.**    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

  **2.**    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

       **a.**    The supervision, hiring, employment, training or monitoring of others by that insured; or

       **b.**    Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol; or

       **c.**    Failing to protect or safeguard any person;

          if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **1.a., b.** or **c.** above.

  **3.**    This exclusion applies only if you:

       **a.**    Are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages; or

       **b.**    Otherwise provide or permit a person to bring alcoholic beverages on your premises for consumption on your premises, or make available alcoholic beverages as a regular part of your business or operations otherwise covered by this policy. \*\*\*

**E.**    **It is agreed that the following changes are made to SECTION V - DEFINITIONS:**

The following definitions are deleted and entirely replaced:  \*\*\*

3. **Item 13., "Occurrence" is deleted in its entirety and replaced with the following:**

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

(Exhibit 7).

### Liquor Liability Coverage

51. The CGL Policy does not provide liquor liability coverage – but specifically excludes liquor liability coverage – and Quantum did not apply for liquor liability coverage with United Specialty.

52. Quantum's insurance application to United Specialty was for commercial general liability coverage, and United Specialty specifically explained in this very insurance application: "If coverage is provided, it will contain special exclusions (above and beyond normal policy exclusions) including, but not necessarily limited to, the following:

    a.    Assault and Battery     b.    Liquor Liability".

53. A true and correct copy of this Insurance Application is attached as Exhibit 8.

54. Given the lack of liquor liability coverage under the CGL Policy, Quantum applied for liquor liability coverage from another insurer. A true and correct copy of the Liquor Liability Application is attached as Exhibit 9.

55. Quantum had, for at least the three years prior to the issuance of the CGL

14

Policy, carried liquor liability coverage from a different insurer than the one who provided their commercial general liability coverage.

56. Around the same time Quantum was securing commercial general liability coverage with United Specialty, Quantum applied for and obtained a liquor liability policy from another insurer: Hudson Specialty Insurance Company ("Hudson"). Hudson issued a liquor liability policy to Quantum, policy number HSLL-31135 for the policy period of June 2, 2017 to June 2, 2018 ("the Hudson Policy").

57. By letter dated June 18, 2020, Quantum and Bizzaro tendered their defense and indemnity against the Complaint and Suit to their liquor liability insurer: Hudson.

58. A true and correct copy of the Tender Letter is attached as Exhibit 10.

59. Although Hudson has denied liquor liability coverage for the Suit, Hudson has failed to send Quantum, Bizzaro, or anyone else a coverage position letter. To date, Hudson has not sent a coverage position letter to Quantum or Bizzaro responding to their tender of defense and indemnity despite repeated requests from their defense counsel.

### Coverage Dispute

60. United Specialty commences this declaratory judgment action to establish that it does not have a duty to defend, settle, or indemnify Quantum and Bizzaro against the Suit.

61. United Specialty requests a declaratory judgment that its CGL Policy does not provide coverage for the Suit on two independent grounds: 1) the assault and battery exclusion precludes coverage for the Suit; and 2) the liquor liability exclusion bars coverage for the Suit.

### Assault and Battery Exclusion

62. The CGL Policy's insuring agreement applies only to damages because of "bodily injury" coming within policy coverage. The "bodily injury" sustained by Juarez

15

does not come within policy coverage because the "bodily injury" arose out of an assault or battery.

63. The assault and battery exclusion precludes coverage for "'bodily injury' … arising out of or resulting from … any actual, threatened or alleged assault or battery regardless of whether or not any action was undertaken or was alleged to have been undertaken in self-defense". (Exhibit 7, at p. 47)

64. Rocky Manatau punched Alejandra Juarez in the face. She was knocked unconscious, lost teeth, and her jaw was reportedly broken. She was taken by ambulance to the University of Utah Hospital for treatment of her broken facial bones and missing teeth.

65. The Police Report described the assault and battery. Manatau was brought up on criminal charges for aggravated assault, sexual battery, and assault. And the Utah Office for Victims of Crime extended compensation to Juarez for medical bills.

66. Since the "bodily injury" sustained by Juarez arose out of the assault and battery by Manatau, the assault and battery exclusion applies.

67. The CGL Policy does not provide coverage for a Suit for damages because of "bodily injury" sustained in an assault or battery. The assault and battery exclusion precludes coverage for the Suit.

**Liquor Liability Exclusion**

68. The "bodily injury" sustained by Juarez is excluded from coverage by the liquor liability exclusion to the CGL Policy.

69. The insuring agreement applies only to damages because of "bodily injury" covered by the CGL Policy. The "bodily injury" sustained by Juarez is not covered by the CGL Policy since Quantum and Bizzaro may be held liable for the "bodily injury" by reason of causing or contributing to the intoxication of Rocky Manatau.

70. The only cause of action remaining in the Suit is for liquor liability: liability pursuant to U.C.A. § 32B-15-201 (the Alcoholic Product Liability Act). The governing Complaint, in the only operative cause of action remaining, alleges: "As a direct and proximate result of Defendants' provision of alcoholic products to Rocky Manatau he became visibly and apparently intoxicated…. Despite his visibly and apparently intoxicated condition, Defendants, and each of them, continued to provide intoxicating alcoholic products to Rocky Manatau…. As a direct and proximate result of serving intoxicating alcoholic products to Rocky Manatau, Plaintiff was severely injured, suffering economic and noneconomic damages." (Exhibit 3, at ¶¶ 36, 38, 44)

71. The liquor liability exclusion precludes coverage for "'bodily injury' … for which any insured may be held liable by reason of: a. Causing or contributing to the intoxication of any person; or b. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or c. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." (Exhibit 7, at p. 44)

72. Because Quantum and Bizzaro will be held liable, if at all, for Juarez's "bodily injury" by reason of either causing or contributing to the intoxication of Manatau; or furnishing alcoholic beverages to Manatau while he was under the influence of alcohol; or violating the Alcoholic Product Liability Act – or potentially because of all three – the liquor liability exclusion bars coverage for the Suit.

73. The CGL Policy does not provide coverage to Quantum and Bizzaro for the Suit since their liability, if any, will be for "bodily injury" arising out of either the intoxication of Manatau, or over-serving alcoholic beverages to Manatau, or violating the Alcoholic Product Liability Action. The liquor liability exclusion precludes coverage for such "bodily injury", and therefore the Suit.

74. United Specialty has no continuing duty to defend or indemnify Quantum or Bizzaro against the Suit. The liquor liability exclusion and assault and battery exclusion bar coverage for the Suit under the CGL Policy.

### COUNT ONE
### DECLARATORY JUDGMENT
### (DUTY TO DEFEND QUANTUM AND BIZZARO)

75. United Specialty hereby incorporates and re-alleges the allegations set forth above in paragraphs 1 through 74 as if fully set forth here.

76. The CGL Policy does not provide coverage, including defense coverage, for the Complaint and the Suit.

77. The assault and battery exclusion precludes coverage for the Suit under the CGL Policy.

78. The liquor liability exclusion precludes coverage for the Suit under the CGL Policy.

79. United Specialty has no duty to defend Quantum or Bizzaro against the Complaint and Suit.

80. United Specialty has no continuing duty to defend Quantum and Bizzaro against the Suit.

81. The terms, definitions, provisions, limitations, exclusions, conditions, and endorsements of the CGL Policy (as set forth in Exhibit 7 and incorporated into this paragraph by this reference as though fully repeated here) preclude coverage, including defense coverage, and a duty to defend against the Suit.

## COUNT TWO
## DECLARATORY JUDGMENT
## (DUTY TO INDEMNIFY QUANTUM AND BIZZARO)

82. United Specialty hereby incorporates and re-alleges the allegations set forth above in paragraphs 1-81 as if fully set forth here.

83. The CGL Policy does not provide coverage, including indemnity coverage, for the Complaint and the Suit.

84. The assault and battery exclusion precludes coverage for the Suit under the CGL Policy.

85. The liquor liability exclusion precludes coverage for the Suit under the CGL Policy.

86. United Specialty has no duty to indemnify Quantum or Bizzaro against the Complaint and Suit.

87. The terms, definitions, provisions, limitations, exclusions, conditions, and endorsements of the CGL Policy (as set forth in Exhibit 7 and incorporated into this paragraph by this reference as though fully repeated here) preclude coverage, including indemnity coverage, and a duty to indemnify against the Suit.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff United Specialty Insurance Company prays the Court enter a judgment declaring:

1. United Specialty Insurance Company has no duty to defend Quantum Ultra Lounge, Inc., or Jorge Bizzaro against the Complaint and Suit captioned *Alejandra Juarez v. Quantum Ultra Lounge, Inc., et al.*, Third District Court for Salt Lake County, Case No. 190908784;

2. United Specialty Insurance Company has no duty to indemnify Quantum Ultra Lounge, Inc., or Jorge Bizzaro against any settlement or judgment in the Suit captioned *Alejandra Juarez v. Quantum Ultra Lounge, Inc., et al.*, Third District Court for Salt Lake County, Case No. 190908784;

3. The CGL Policy issued by United Specialty Insurance Company to Quantum Ultra Lounge, Inc., policy number USA4178339, does not provide coverage for the Complaint and Suit;

4. United Specialty Insurance Company is entitled to its attorneys' fees, under the authority of Utah Code Ann. § 78B-6-411 and the Utah case law interpreting § 78B-6-411 and its predecessor, as incurred in this action;

5. United Specialty Insurance Company is entitled to an award of its costs, pursuant to Utah Code Ann. §§ 78B-6-411, as incurred in this action; and

6. An Order for such other and further relief as the Court may deem just and proper.

DATED this 29th day of July, 2021.

                MEAGHER & GEER, PLLP

                By: */s/ Rob A. Justman*
                     Rob A. Justman, Esq.
                     16767 N. Perimeter Drive, Suite 210
                     Scottsdale, Arizona 85260
                     Telephone: (480) 607-9719
                     Facsimile: (480) 607-9780
                     rjustman@meagher.com
                     *Attorneys for the Plaintiff*
                     *United Specialty Insurance Company*